UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F. BARTHOLOMEUSZ,<br>    Plaintiff,<br>    v.<br>HzO INC., *et al.*,<br>    Defendants. | Case No. 17-cv-05165-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. Nos. 50, 51 |

The parties have submitted four related discovery disputes to the Court. The discovery at issue pertains to plaintiff's claims under the Federal Stored Communications Act, 18 U.S.C. § 2701; the California Comprehensive Data Access and Fraud Act, Cal. Penal Code § 502; and invasion of privacy. These claims arise out of the hacking of plaintiff's private email account by an individual named Jami Hasna between February 2017 and September 2017 while Ms. Hasna was employed by HzO as an accountant.

The Court has reviewed the parties' joint letter brief and the exhibits, and finds that further supplementation of the record is necessary in order to resolve the disputes. It is the Court's intent that after the record is augmented, the Court will address these disputes at the upcoming May 11, 2018 case management conference. In advance of that conference, the Court directs the parties to do the following:

1. The parties' letter brief refers to two affidavits signed by Ms. Hasna that were provided by HzO to plaintiff; neither of these affidavits has been provided to the Court. The Court finds that review of these affidavits would aid the Court's understanding of the issues, and hereby directs the parties to provide copies of these affidavits to the Court no later than May 4, 2018.

2. One of the disputes concerns the scope of a forensic examination by plaintiff's expert of

the work computer used by Ms. Hasna. According to the letter brief, the parties agreed to a protocol and now plaintiff wants to change that protocol. The parties have not provided the agreed-upon protocol to the Court, and the Court hereby directs the parties to do so no later than May 4, 2018. Further, the record is unclear as to the scope of the forensic examination that was conducted by defendant's expert, although it appears that the defense expert's complete report was provided to plaintiff. Plaintiff asserts that "HzO has refused to answer Mr. Bartholomeusz's direct questions about the scope of the expert's search," while defendant argues that it has informed plaintiff that its expert conducted a "comprehensive" search. Defendant shall provide a copy of the forensic report to the Court by May 4. In addition, in advance of the case management conference, the parties are directed to conduct an additional meet and confer regarding this matter. If the parties are unable to resolve this dispute, they should be prepared to discuss, with specificity, why the defense report and the agreed-upon protocol for the plaintiff's forensic exam is or is not sufficient.

3. With regard to the documents that HzO has withheld on privilege grounds, the Court directs HzO to provide the withheld materials to the Court for *in camera* review by May 4. In addition, in order to assess plaintiff's contention that HzO has waived the privilege by producing other documents (such as communications between HzO's general counsel, Mr. Holman, and Ms. Hasna), the Court needs to review the materials that have been produced. Accordingly, the parties shall provide those documents to the Court by May 4.

**IT IS SO ORDERED**.

Dated: April 27, 2018

SUSAN ILLSTON
United States District Judge

2